UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMUEL BOWDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. ED CV 07-820-PLA<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on July 10, 2007, seeking review of the Commissioner's denial of his application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 18, 2007, and July 24, 2007. Pursuant to the Court's Order, the parties filed a Joint Stipulation on April 23, 2008, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on March 5, 1961. [Administrative Record ("AR") at 76, 254, 396.] He has a high school education [AR at 254-55], and past relevant work experience as a casting operator, event attendant, and warehouse laborer. [AR at 87, 103-07, 255-56, 332.]

On November 1, 2001, plaintiff protectively filed the instant application for Supplemental Security Income payments, alleging that he has been unable to work since November 12, 1997, due to a head injury. [AR at 75-78, 86.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 65.] A hearing was held on September 16, 2003, at which time plaintiff appeared with counsel and testified on his own behalf. A vocational expert also testified. [AR at 250-80.] On October 20, 2003, the ALJ determined that plaintiff was not disabled. [AR at 9-17.] Plaintiff requested review of the hearing decision, which was denied. [AR at 5-7.] Plaintiff then sought review in this Court. On April 8, 2005, the Court reversed the decision of the Commissioner and remanded the action for further administrative proceedings. [AR at 312-24.]

On March 20, 2006, a second hearing was held before the ALJ, at which plaintiff appeared with counsel and testified on his own behalf. A vocational expert also testified. [AR at 415-36.] On April 13, 2006, the ALJ again found plaintiff not disabled. [AR at 329-36.] Subsequently, the Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded for further administrative proceedings. [AR at 383-87.][1]

On April 17, 2007, a third hearing was held before a different ALJ. [AR at 437-57.] On May 23, 2007, the ALJ issued a decision denying plaintiff's claim. [AR at 284-303.] This action followed.

/

/

---

[1] Plaintiff subsequently filed a new application for Supplemental Security Income on May 16, 2006, which was consolidated with the instant application. [AR at 289, 387, 396-99.]

# III.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

# IV.
# **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

## A.    THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the

claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

        In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability. [AR at 291.] At step two, the ALJ concluded that plaintiff has the following "severe" impairments: headaches and a mood disorder. [AR at 292.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [AR at 292.] The ALJ further concluded that plaintiff

retained the mental residual functional capacity ("RFC")[2] to remember and comply with simple one and two part instructions, engage in repetitive work, and operate with simple or higher demands. [AR at 292.] The ALJ found that plaintiff has no exertional limitations, but must avoid working around hazards, at unprotected heights, and around dangerous machinery. [AR at 292.] At step four, the ALJ concluded that plaintiff is not capable of performing his past relevant work. [AR at 300.] Finally, at step five, the ALJ found that plaintiff could perform alternative work that exists in significant numbers throughout the national economy, specifically as a laundry worker, dishwasher, and rack loader. [AR at 301-03.] Accordingly, the ALJ found plaintiff not disabled. [AR at 303.]

## V.

## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ erred in concluding at step five that plaintiff can perform alternative work that exists in significant numbers in the economy. Joint Stip. at 4. Specifically, plaintiff argues that the ALJ erred in finding that plaintiff maintained the residual functional capacity to perform work as a laundry worker or a dishwasher, as these jobs require the ability to perform detailed instructions. Joint Stip. at 6-8. As to the third job cited by the ALJ, rack loader, plaintiff argues that the ALJ failed to establish that such positions exist in significant numbers in the national economy because he did not consider the rack loader figures apart from the figures for the laundry worker and dishwasher positions. Instead, plaintiff argues, the ALJ found that the figures for all the positions <u>combined</u> constituted "significant" numbers for purposes of the step five analysis. Joint Stip. at 8-12. As set forth below, the Court respectfully disagrees with plaintiff, and affirms the decision of the Commissioner.

/

/

---

[2] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

**SIGNIFICANT NUMBER OF JOBS**

The ALJ concluded that plaintiff maintained the residual functional capacity to perform work as a laundry worker, dishwasher, and rack loader. [AR at 301-03.] In doing so, the ALJ cited the vocational expert's testimony that the laundry worker position exists in numbers of 1,000 locally and 361,766 nationally, the dishwasher position exists in numbers of 1,300 locally and 624,500 nationally, and the rack loader position exists in numbers of 500 locally and 275,100 nationally. [AR at 301, 449.] Based on these figures, the ALJ concluded that plaintiff was capable of performing work that exists in significant numbers in the national economy. [AR at 302-03.]

In order to find an individual not disabled, the ALJ must determine that a "significant" number of jobs exists for that person "in the national economy," which is defined as "either in the region where [the claimant] live[s] or in several regions in the country." 20 C.F.R. §§ 404.1560(c), 404.1566(a); §§ 416.960(c), 416.966(a). Whether the number of jobs that exists in the national economy is "significant" is a question of fact for the ALJ. Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).

The ALJ cited the figures for each position separately, and never considered a combined total for all three positions. [AR at 301.] Rather, after citing the positions and their figures, the ALJ generally concluded that plaintiff was able to perform "jobs that exist in significant numbers in the national economy." [AR at 300, 302-03.] There is no indication that the ALJ's conclusion that plaintiff could perform work that exists in "significant" numbers was based on the combined total of all three positions. While the ALJ did not explicitly state that the number of positions for each job <u>considered separately</u> is significant, it appears that the ALJ considered the positions separately in reaching his ultimate conclusion. Nevertheless, even if the ALJ erred in failing to specify that the rack loader position by itself exists in sufficient numbers in the national economy, any error was harmless as it is clear that such positions do exist in "significant" numbers.[3]

---

[3] Harmless error analyses apply in Social Security cases, Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)), and an ALJ's decision will not be reversed for harmless error. Burch, 400 F.3d at 679 (citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991)). See also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004); Perkins v. Astrue, 535 F.Supp.2d 986, 991 n.3 (C.D.

1   Courts have recognized that 500 and fewer regional positions is sufficient to satisfy the
2   "significant" numbers requirement. Barker v. Secretary of Health and Human Services, 882 F.2d
3   1474, 1478-79 (9th Cir. 1989), citing Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (500
4   positions sufficient); see Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (174 positions
5   sufficient); see also Coletta v. Massanari, 163 F.Supp.2d 1101, 1106-07 (N.D. Cal. 2001)
6   (acknowledging that at least one court has found 500 positions sufficient, but concluding that 363
7   regional positions does not constitute significant numbers).[4] Accordingly, the rack loader position
8   cited by the vocational expert, with 500 local positions, exists in significant numbers for purposes
9   of the step five analysis.[5]

10  /
11  /
12  /
13  /
14  /
15  /

---

Cal. 2008); Nguyen v. Comm'r of Soc. Sec., 2008 WL 859425, at *10 (E.D. Cal. Mar. 28, 2008).

[4]   The national figures for the rack loader position -- 275,100 -- are certainly significant. Plaintiff's argument, that since there are only 500 jobs in the Los Angeles/Orange/Riverside County region there is no evidence that in any other specific region there will be a significant number of jobs that he can perform, is not persuasive. The regulations are clear that it does not matter whether work exists in the immediate area where plaintiff lives. 20 C.F.R. §§ 404.1566(a)(1), 416.966 (a)(1) ("It does not matter whether work exists in the immediate area in which you live"). See also Dressel v. Califano, 558 F.2d 504, 508-09 (8th Cir. 1977) ("the Secretary does not have to show that [plaintiff] would be hired if he applied for possible jobs, or that the job opportunities existed within the local area, but only that job opportunities exist in the national economy."). Based on the large number of jobs in the national economy, this is also not one of those instances of an isolated job that exists only in very limited numbers in relatively few locations outside of the region where plaintiff lives. See 20 C.F.R. §§ 404.1566(b), 416.966(b).

[5]   Neither was it necessary for the ALJ to identify more than one position to satisfy the Commissioner's burden at step five. See 20 C.F.R. §§ 404.1566(b), 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (*in one or more occupations*) (emphasis added); see also Meissl v. Barnhart, 403 F.Supp.2d 981, 982 n.1 (C.D. Cal. 2005); Jenkins, 861 F.2d at 1087.

7

**VI.**

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **denied**; and (2) the decision of the Commissioner is **affirmed**.[6]

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 29, 2008

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[6] Because plaintiff does not contest his ability to perform the rack loader position and the Court has determined that such a position exists in significant numbers, plaintiff must be found not disabled. Accordingly, the Court need not address plaintiff's claim that he is unable to perform the two other identified positions.

8